UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

| | |
|---|---|
| IVY FOUTS, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) CASE NO. |
| 3 BOYS FARM, LLC, d/b/a One Plant and Sunnyside, | ) ) ) ) |
| Defendant. | ) ) |

**DEFENDANT'S NOTICE OF AND PETITION FOR REMOVAL**

Pursuant to 28 U.S.C. § 1331, § 1367, § 1441(a), and § 1446, Defendant, 3 BOYS FARM, LLC (hereinafter "Defendant"), through its undersigned counsel, hereby requests this Court to remove this action from the Circuit Court of the Fifth Judicial Circuit in and for Marion County, Florida where the action is now pending under Case No. 2022-CA-000796-AX to the United States District Court for the Middle District of Florida, Ocala Division. In support of this Removal, Defendant states as follows:

I.   **State Court Action**

1. Plaintiff Ivy Fouts ("Plaintiff") initiated a civil action captioned *Ivy Fouts v. 3 Boys Farm, LLC, d/b/a/ One Planet and Sunnyside*, Civil Action No. 2022-CA-000796-AX, in the Circuit Court of the Fifth Judicial Circuit in and for

Marion County, Florida ("State Court Action"). The Complaint in the State Court Action seeks relief for an alleged hostile work environment and retaliation in purported violation of Title VII of the Civil Rights Act and The Florida Civil Rights Act (hereinafter "FCRA"). Plaintiff also brings claims for negligent supervision and negligent retention. Specifically, Plaintiff alleges the following causes of action:

    a) Count I – Hostile Work Environment based on Sexual Harassment (Title VII)

    b) Count II – Hostile Work Environment based on Sexual Harassment (FCRA)

    c) Count III- Retaliation (Title VII)

    d) Count IV– Retaliation (FCRA)

    e) Count V – Negligent Supervision

    f) Count VI – Negligent Retention

2. On August 9, 2022, Defendant was served with the Summons and a copy of the Complaint. Therefore, this Notice has been filed within 30 days after service upon Defendant of the pleading setting forth the claims for relief upon which this removal is based as required by 28 U.S.C. § 1446(b).

3. Pursuant to 28 USC §1446(a), a complete copy of all process and pleadings received by Defendant in the State Court Action to date are attached as

Composite Exhibit "A." Defendant has not served any answer or responsive pleading to the Complaint.

4. This action satisfies the requirements of original federal question jurisdiction provided in 28 U.S.C. § 1331 because, as established herein, Plaintiff's action contains claims for violations of Title VII.

5. Additionally, Plaintiff's state law claims for FCRA violations, negligent supervision, and negligent retention arise from the same exact set of facts and circumstances as Plaintiff's Title VII claims. Accordingly, the Court should exercise supplemental jurisdiction over Plaintiff's state law claims.

6. The United States District Court for the Middle District of Florida, Ocala Division encompasses the judicial district in which Plaintiff filed her Complaint. Thus, removal is proper to this Court pursuant to § 1441.

7. Pursuant to 28 U.S.C. §1446(d), Defendant has provided written notice of the removal to all parties in this action and has filed a copy of this Notice of and Petition for Removal in the Circuit Court of the Fifth Judicial Circuit in and for Marion County, Florida.

**II.    Basis for Removal of State Court Action**

This Court has federal question jurisdiction over Plaintiff's Title VII claims, as she seeks relief under federal law. Moreover, the Court possesses supplemental jurisdiction over Plaintiff's state law claims.

### A. Federal Question Jurisdiction Exists

Pursuant to 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S. C. § 1331. Here, Plaintiff specifically alleges in her Complaint that she brings this case and seeks relief under federal law:

> **This is an action to redress the deprivation of rights secured to Plaintiff by Title VII of the Civil Rights Act of 1964 (hereinafter "Title VII", 42 U.S.C. 2000e,** *et. seq.***,** and the Florida Civil Rights Act (hereinafter "FCRA"), Fla. Stat. §§ 760.01 et seq. Plaintiff also brings claims for negligent supervision and negligent retention.

*See Ex. A, Compl* at ¶1 (emphasis added). Moreover, in Count I, Plaintiff states "[t]his claim for hostile work environment sexual harassment is asserted against Defendant pursuant to Title VII." *Id.* ¶14. Likewise, in Count III, Plaintiff asserts, "[t]his claim for retaliation is asserted against Defendant pursuant to Title VII." *Id.* ¶15. Therefore, the Court has federal question jurisdiction over Plaintiff's Title VII claims.

### B. Supplemental Jurisdiction Exists over the State Law Claims

As the Court has original jurisdiction over Plaintiff's Title VII claims, this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiff's remaining FCRA, negligent supervision, and negligent retention claims. These causes of action arise from the exact same set of facts and circumstances as Plaintiff's Title VII claims. These claims all stem from the alleged sexual

harassment that Plaintiff experienced by a co-worker during her employment with Defendant. Moreover, in both of Plaintiff's FCRA claims, she references her Title VII claims as support. *See Id.* ¶ 27 ("By and through acts alleged more specifically in Count I, Defendant intentionally discriminated against Plaintiff on the basis of sex with respect to the compensation, terms, and conditions, or privileges of her employment."); *Id.* ¶ 47 ("By and through acts alleged more specifically in Count III, Defendant intentionally discriminated against Plaintiff on the basis of sex with respect to the compensation, terms, and conditions, or privileges of her employment.").

Similarly, Plaintiff's negligent supervision and retention claims incorporate by reference the same general allegations as Plaintiff's Title VII claims and two specific paragraphs pled as part of the first Title VII claim. *See Id.* ¶¶52 and 64 (incorporating by reference paragraphs 2-12 from the general allegations and paragraphs 15 and 16 from Count I- Title VII). Therefore, Plaintiff's state law claims form part of the same case or controversy raised by Plaintiff's Title VII claims.

WHEREFORE, Defendant, 3 BOYS FARM, LLC, hereby removes the State Court Action from the Circuit Court of the Fifth Judicial Circuit in Marion County, Florida to the United States District Court for the Middle District of Florida, Ocala Division, and requests that this Court take jurisdiction of this civil

action to the exclusion of any further proceedings in state court and grant such further relief as the Court deems just and appropriate.

DATED this 8th day of September, 2022.

>Respectfully submitted,
>
>JACKSON LEWIS P.C.
>390 North Orange Avenue, Suite 1285
>Orlando, Florida 32801
>Telephone:  (407) 246-8440
>Facsimile:   (407) 246-8441
>
>By:   */s/ Amanda A. Simpson*
>         Amanda A. Simpson
>         Florida Bar No. 0072817
>         amanda.simpson@jacksonlewis.com
>
>         Vaughn G.S. Glinton, Jr.
>         Florida Bar No. 1002778
>         vaughn.glinton@jacksonlewis.com
>
>Attorneys for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 8th day of September, 2022, the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system and a copy furnished by email to:  James Tarquin, Esquire and Mark Dillman, Esquire, James P. Tarquin, P.A., 333 NW 3rd Avenue , Ocala, Florida 34475 (tarquinlawoffice@aol.com).

>         */s/ Amanda A. Simpson*
>              Amanda A. Simpson

6