Filing # 148267713 E-Filed 04/24/2022 11:31:19 PM

IN THE CIRCUIT COURT FOR THE FIFTH JUDICIAL CIRCUIT
IN AND FOR MARION COUNTY, FLORIDA

IVY FOUTS,

        Plaintiff,

vs.                                          Case No.

3 BOYS FARM, LLC, d/b/a
One Plant and Sunnyside,

        Defendant.

_____/

## PLAINTIFF'S COMPLAINT
## AND DEMAND FOR JURY TRIAL

Plaintiff, Ivy Fouts, (hereinafter "Plaintiff"), by and through her undersigned counsel, hereby files this suit against Defendant, 3 Boys Farm, LLC, d/b/a One Plant and Sunnyside (hereinafter "Defendant"), and alleges as follows:

## NATURE OF ACTION

1.     This is an action to redress the deprivation of rights secured to Plaintiff by Title VII of the Civil Rights Act of 1964 (hereinafter "Title VII"), 42 U.S.C. 2000e, *et seq.,* and the Florida Civil Rights Act (hereinafter "FCRA"), FLA. STAT. §§ 760.01 *et seq.* Plaintiff also brings claims for negligent supervision and negligent retention.

## STATUTORY PREREQUISITES TO SUIT

2.     Plaintiff has exhausted her administrative remedies and complied with all statutory prerequisites to maintaining the claims asserted herein as required by Title VII and the FCRA. Further, Plaintiff has performed and fulfilled all conditions precedent to maintaining the claims asserted herein as required by Title VII and the FCRA. (*See* Exhibit A).

## GENERAL ALLEGATIONS

3.     This is an action for damages in excess of thirty thousand (30,000) dollars,

exclusive of interest, costs, and attorney's fees.

4.     The alleged acts giving rise to this action were committed in Marion County, Florida, within the jurisdiction of the Circuit Court for the Fifth Judicial Circuit in and for Marion County, Florida.

5.     Plaintiff is a citizen of Florida.

6.     In documents filed with the Florida Department of State, Division of Corporations (hereinafter "Division of Corporations"), Defendant identifies itself as a Florida limited liability company and identifies 400 W. Erie Street, Suite 110, Chicago, Illinois 60654 as its principal and mailing address.  In documents filed with the Division of Corporations, Defendant identifies Cannabis Cure Investments, LLC as the Manager of Defendant.  In documents filed with the Florida Division of Corporations, Cannabis Cure Investments, LLC identifies itself as a Florida limited liability company.  Defendant transacts business under the assumed or fictious names of One Plant and Sunnyside.  Defendant has an office for transaction of its customary business, and has an agent or other representative, in Marion County, Florida.

7.     Plaintiff, who is female, is a member of a class protected against sex discrimination by Title VII and the FCRA.

8.     At all times material hereto, Defendant was a person within the meaning of Title VII and the FCRA engaged in an industry affecting commerce who had fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year.  As such, Defendant was an employer within the meaning Title VII and the FCRA.

9.     At all times material hereto, Plaintiff was an employee of Defendant within the meaning of Title VII and the FCRA.  As an employee of Defendant for purposes of Title VII and the FCRA, Plaintiff was protected against discrimination because of sex with respect to the

2

terms, conditions, or privileges of her employment.

10.     At all times material hereto, Defendant was Plaintiff's employer within the meaning of Title VII and the FCRA.  As her employer for purposes of Title VII and the FCRA, Defendant was prohibited from discriminating against Plaintiff because of sex with respect to the terms, conditions, or privileges of her employment.

11.     Plaintiff's employment with Defendant began in August 2020 and ended when she was terminated on or about December 6, 2020.  During her employment with Defendant, Plaintiff worked at Defendant's store in Ocala, Florida.

12.     At all times material hereto, Brett Guynes (hereinafter "Guynes"), who is male, was an employee and/or agent of Defendant.  Guynes worked at Defendant's store in Ocala, Florida where Plaintiff worked.

## COUNT I:  HOSTILE WORK ENVIRONMENT
## SEXUAL HARSSMENT UNDER TITLE VII

13.     Plaintiff hereby restates the allegations contained in paragraphs two through twelve as though stated fully and completely herein.

14.     This claim for hostile work environment sexual harassment is asserted against Defendant pursuant to Title VII.

15.     During Plaintiff's employment with Defendant, Guynes repeatedly subjected Plaintiff to unwelcome sexual advances, verbal conduct of a sexual nature, and physical conduct of a sexual nature.  The ongoing and persistent unwelcome sexual advances, verbal conduct of a sexual nature, and physical conduct of a sexual nature by Guynes towards Plaintiff included, but was not limited to:  sexual touching, such as touching her buttocks and pulling her hair and remarking whether she likes it rough; physical touching of a sexual nature, such as touching her neck, shoulders, and back; sexual proposition, such as stating they should have a baby together;

remarks about her physical appearance, such as she is beautiful and pretty; and unwanted romantic interest, such as stating he would leave his wife for her.

16. The sexually harassing behavior was unwelcomed in that it was uninvited and undesired by Plaintiff. Plaintiff indicated by her conduct that the harassment was unwelcome by refusing to submit to Guynes' sexual demands. Plaintiff further indicated by her conduct that the harassment was unwelcomed by complaining to management about the behavior.

17. The harassment of Plaintiff occurred because of her sex. The harassing behavior targeted at Plaintiff was explicitly sexual and involved sexual conduct. As such, the harassment constituted discrimination on the basis of Plaintiff's sex.

18. The harassment was so severe and/or pervasive that it discriminatorily altered the terms, conditions or privileges of Plaintiff's employment by creating a work environment which Plaintiff perceived as hostile or abusive. Plaintiff felt uncomfortable, embarrassed and intimidated at work. Thus, the harassing behavior directed towards Plaintiff was offensive to her personally and directly affected her working environment.

19. The harassment was so severe and/or pervasive that it discriminatorily altered the terms, conditions or privileges of Plaintiff's employment by creating a working environment which a reasonable person, considering all of the circumstances, would have found hostile or abusive. The harassment was physically threatening and intimidating in that Plaintiff was repeatedly subjected to intrusive and intimate touching of her body. The harassment was pervasive and humiliating in the Plaintiff was continuously the target of explicit sexual conduct. Further, the cumulative effect of the harassment unreasonably interfered with Plaintiff's work performance by making it more difficult to do her job.

20. Defendant knew and/or should have known of the harassing behavior against Plaintiff. Defendant had actual knowledge because Plaintiff complained to management about

4

the harassment.   Further, under the totality of circumstances, the continuous harassment of Plaintiff was so pervasive as to provide Defendant with constructive knowledge of the harassment.   Despite having actual and/or constructive knowledge of the harassment against Plaintiff, Defendant unreasonably failed to take immediate and appropriate remedial action to stop the harassment and prevent such behavior from recurring against Plaintiff.   As such, Defendant is directly liable for the hostile work environment harassment because of its failure to take prompt and effective remedial action after receiving notice of the harassing behavior.

21.     As a proximate result of the aforementioned intentional discriminatory acts of Defendant, Plaintiff has suffered damages, including, but not limited to, the following: lost wages and employment benefits; emotional pain, suffering, mental anguish, loss of enjoyment of life, and dignitary injury.

22.     The aforementioned intentional discriminatory acts of Defendant give rise to a cause of action under Title VII.   In particular, Title VII forbids discrimination against any employee on the basis of sex with respect to the terms, conditions, or privileges of employment.

23.     The aforementioned intentional discriminatory acts of Defendant were performed with malice or with reckless indifference to Plaintiff's protected civil rights.

24.     If Plaintiff prevails on her Title VII claim, resulting in vindication of her civil rights, then Plaintiff is entitled to a reasonable attorney's fee pursuant to Title VII.

WHEREFORE, Plaintiff prays this Honorable Court grant the following relief:  an order declaring that Defendant violated Plaintiff's rights under Title VII; an order for compensatory damages for emotional pain, suffering, mental anguish, loss of enjoyment of life, dignitary injury, and other non-pecuniary losses; an order for back pay, including the economic value of lost employment benefits and interest on back pay; an order for front pay, including interest on front pay, or for reinstatement in lieu of front pay; an order for punitive damages as allowed by

law; an order for reasonable attorney's fees (including expert fees) and costs; an order enjoining Defendant from engaging in any such unlawful employment practice under Title VII, and for any other affirmative action or equitable relief as the Court deems appropriate; and for such other legal and equitable relief as the nature of Plaintiff's cause may warrant.

## COUNT II: HOSTILE WORK ENVIRONMENT
## SEXUAL HARASSMENT AGAINST UNDER FCRA

25.     Plaintiff hereby restates the allegations contained in paragraphs two through twelve, along with the allegations in paragraphs fifteen through twenty, as though stated fully and completely herein.

26.     This claim for hostile work environment sexual harassment is asserted against Defendant pursuant to the FCRA.

27.     By and through acts alleged more specifically in Count I, Defendant intentionally discriminated against Plaintiff on the basis of sex with respect to the compensation, terms, conditions, or privileges of her employment.

28.     As a proximate result of the aforementioned intentional discriminatory acts of Defendant, Plaintiff has suffered damages, including, but not limited to, the following: lost wages and employment benefits; emotional pain, suffering, mental anguish, loss of enjoyment of life, and dignitary injury.

29.     The aforementioned intentional discriminatory acts of Defendant give rise to a cause of action under the FCRA. In particular, the FCRA forbids discrimination against any employee on the basis of sex with respect to the terms, conditions, or privileges of employment.

30.     The aforementioned intentional discriminatory acts of Defendant were performed with malice or with reckless indifference to Plaintiff's protected civil rights.

31.     If Plaintiff prevails on her FCRA claim, resulting in vindication of her civil rights,

then Plaintiff is entitled to a reasonable attorney's fee pursuant to the FCRA.

WHEREFORE, Plaintiff prays this Honorable Court grant the following relief: an order declaring that Defendant violated Plaintiff's rights under the FCRA; an order for compensatory damages for emotional pain, suffering, mental anguish, loss of enjoyment of life, an order for back pay, including the economic value of lost employment benefits and interest on back pay; an order for front pay, including interest on front pay, an order for punitive damages as allowed by law; an order for reasonable attorney's fees (including expert fees) and costs; an award of prejudgment and postjudgment interest on the damages award; an order enjoining Defendant from engaging in any such unlawful employment practice under the FCRA, and for any other affirmative action or equitable relief as the Court deems appropriate; and for such other legal and equitable relief as the nature of Plaintiff's cause may warrant.

## COUNT III:  RETALIATION UNDER TITLE VII

32.     Plaintiff hereby restates the allegations contained in paragraphs two through thirteen, along with the allegations in paragraphs fifteen through nineteen, as though stated fully and completely herein.

33.     This claim for retaliation is asserted against Defendant pursuant to Title VII.

34.     Title VII and the FCRA prohibit employers, such as Defendant, from taking adverse employment action against employees in retaliation for their engaging in statutorily protected activity under Title VII and the FCRA.

35.     As an employee of Defendant, Plaintiff was protected against retaliatory adverse employment action for engaging in statutorily protected activity under Title VII and the FCRA. More specifically, Plaintiff was protected against retaliatory adverse employment action for opposing any practice of Defendant made an unlawful employment practice by Title VII and the FCRA.  Further, Plaintiff was protected against retaliation in employment decisions for opposing

sexually harassing behavior in the workplace.

36.     Plaintiff engaged in statutorily protected activity by complaining to management about the sexually harassing behavior against her.  Plaintiff also engaged in protected activity when she refused to submit to the sexual demands.  In opposing the harassing behavior, Plaintiff had a good faith, reasonable belief that he had been subjected and/or was being subjected to unlawful sexual harassment.  As such, Plaintiff engaged in statutorily protected activity within the meaning of Title VII and the FCRA.

37.     In retaliation for Plaintiff's statutorily protected activity within the meaning of the FCRA, Defendant terminated Plaintiff's employment on or about December 6, 2020.  The termination of Plaintiff's employment constitutes an adverse employment action within the meaning of Title VII and the FCRA.

38.     Defendant was aware of Plaintiff's statutorily protected activity within the meaning of Title VII and the FCRA when it subjected her to adverse employment action.  More specifically, Plaintiff was subjected to adverse employment action after she engaged in statutorily protected activity within the meaning of Title VII and the FCRA, including after Plaintiff engaged in statutorily protected activity within the meaning of Title VII and the FCRA in December 2020.

39.     Defendant subjected Plaintiff to adverse employment action because of her statutorily protected activity within the meaning of Title VII and the FCRA.

40.     In taking adverse employment action against Plaintiff because of her statutorily protected activity within the meaning of Title VII and the FCRA, Defendant intentionally discriminated against Plaintiff with respect to the terms, conditions, or privileges of her employment.

41.     As a proximate result of the aforementioned intentional discriminatory acts of

Defendant, Plaintiff has suffered damages, including, but not limited to, the following: lost wages and employment benefits; emotional pain, suffering, mental anguish, loss of enjoyment of life, and dignitary injury.

42.     The aforementioned intentional discriminatory acts of Defendant give rise to a cause of action under Title VII.  In particular, Title VII prohibits an employer from taking retaliatory adverse employment action against an employee because the employee engaged in statutorily protected activity within the meaning of Title VII.

43.     The aforementioned intentional discriminatory acts of Defendant were performed with malice or with reckless indifference to Plaintiff's protected civil rights.

44.     If Plaintiff prevails on her Title VII claim, resulting in vindication of her civil rights, then Plaintiff is entitled to a reasonable attorney's fee pursuant to Title VII.

WHEREFORE, Plaintiff prays this Honorable Court grant the following relief:  an order declaring that Defendant violated Plaintiff's rights under Title VII; an order for compensatory damages for emotional pain, suffering, mental anguish, loss of enjoyment of life, dignitary injury, and other non-pecuniary losses; an order for back pay, including the economic value of lost employment benefits and interest on back pay; an order for front pay, including interest on front pay, or for reinstatement in lieu of front pay; an order for punitive damages as allowed by law; an order for reasonable attorney's fees (including expert fees) and costs; an order enjoining Defendant from engaging in any such unlawful employment practice under Title VII, and for any other affirmative action or equitable relief as the Court deems appropriate; and for such other legal and equitable relief as the nature of Plaintiff's cause may warrant.

## COUNT IV:  RETALIATION UNDER FCRA

45.     Plaintiff hereby restates the allegations contained in paragraphs two through thirteen, along with the allegations in paragraphs fifteen through nineteen and paragraphs thirty-

four through forty, as though stated fully and completely herein.

46.     This claim for retaliation is asserted against Defendant pursuant to the FCRA.

47.     By and through acts alleged more specifically in Count III, Defendant intentionally discriminated against Plaintiff with respect to the terms, conditions, or privileges of her employment.

48.     As a proximate result of the aforementioned intentional discriminatory acts of Defendant, Plaintiff has suffered damages, including, but not limited to, the following: lost wages and employment benefits; emotional pain, suffering, mental anguish, loss of enjoyment of life, and dignitary injury.

49.     The aforementioned intentional discriminatory acts of Defendant give rise to a cause of action under the FCRA.  In particular, the FCRA prohibits an employer from taking retaliatory adverse employment action against an employee because the employee engaged in statutorily protected activity within the meaning of the FCRA.

50.     The aforementioned intentional discriminatory acts of Defendant were performed with malice or with reckless indifference to Plaintiff's protected civil rights.

51.     If Plaintiff prevails on her FCRA claim, resulting in vindication of her civil rights, then Plaintiff is entitled to a reasonable attorney's fee pursuant to the FCRA.

WHEREFORE, Plaintiff prays this Honorable Court grant the following relief: an order declaring that Defendant violated Plaintiff's rights under the FCRA; an order for compensatory damages for emotional pain, suffering, mental anguish, loss of enjoyment of life, an order for back pay, including the economic value of lost employment benefits and interest on back pay; an order for front pay, including interest on front pay, an order for punitive damages as allowed by law; an order for reasonable attorney's fees (including expert fees) and costs; an award of prejudgment and postjudgment interest on the damages award; an order enjoining Defendant

from engaging in any such unlawful employment practice under the FCRA, and for any other affirmative action or equitable relief as the Court deems appropriate; and for such other legal and equitable relief as the nature of Plaintiff's cause may warrant.

## COUNT V:  NEGLIGENT SUPERVISION

52.    Plaintiff hereby restates the allegations contained in paragraphs two through twelve, along with the allegations in paragraphs fifteen and sixteen, as though stated fully and completely herein.

53.    This claim for negligent supervision is asserted against Defendant.

54.    Defendant had a duty to effectively and reasonably supervise its employees so as, in part, to avoid and/or mitigate a threat and/or harm to others, including Plaintiff.  Further, Defendant had a duty to effectively and reasonably supervise its employees so as, in part, to avoid and/or mitigate the potential of unlawful touching and harassment against others, including Plaintiff.

55.    In touching Plaintiff's buttocks, neck, shoulders, and back and pulling her hair, Guynes made harmful and/or offensive contact with Plaintiff's person against her will.

56.    Guynes intended to cause the harmful and/or offensive contact with Plaintiff's person in that Guynes' persistent sexual advances, verbal conduct of a sexual nature, and physical conduct of a sexual nature, including repeated touching of Plaintiff's body, shows that he intended to cause the contact and/or acted in reckless disregard for the consequences of his acts.

57.    Guynes' harmful and/or offensive touching was without the express or implied consent of Plaintiff.  In touching Plaintiff's buttocks, neck, shoulders, and back and pulling her hair, Guynes' actions were offensive in that such behavior would offend a reasonable person's sense of dignity.

11

58.     During Guynes' employment, Defendant became aware and/or should have become aware of problems with Guynes that indicated his unfitness as an employee of Defendant. During Guynes' employment, Defendant became aware and/or should have become aware of problems with Guynes that indicated that he was a threat and/or harm to others, including Plaintiff. Defendant also knew and/or should have known that Plaintiff was within the zone of foreseeable risk created by the employment.

59.     During Guynes' employment, Defendant became aware and/or should have become aware of Guynes' unlawful touching and harassment in the workplace and Guynes' propensity to commit the same. Defendant knew of the behavior because Plaintiff complained to management. Defendant should have known of the behavior because Guynes' behavior was so pervasive as to provide Defendant with constructive knowledge. Further, Defendant knew and/or should have known that Plaintiff was within the zone of foreseeable risk created by the employment.

60.     During Guynes' employment, Defendant knew and/or should have known that it was necessary to control Guynes in order to prevent Guynes from intentionally harming others, including Plaintiff.   Defendant, as Guynes' employer, had the ability to control Guynes. Defendant knew of the necessity and opportunity for exercising such control over Guynes.

61.     Despite such actual and/or constructive knowledge, Defendant failed to diligently and adequately supervise Guynes, and thereby allowed Guynes to subject Plaintiff to the unlawful touching and harassment. Further, despite such actual and/or constructive knowledge, Defendant failed to take reasonable steps to safeguard Plaintiff and to prevent unlawful touching and harassment against Plaintiff from occurring, including, but not limited to, negligently failing to take appropriate, timely, and effective corrective action, up to and including termination, against Guynes. As such, Defendant breached its duty of care owed to Plaintiff and thus exposed

Plaintiff to the unlawful touching and harassment.

62.     Defendant's negligent supervision of its employee Guynes directly and proximately resulted in the unlawful touching and harassment against Plaintiff while employed by Defendant.

63.     As a proximate result of Defendant's negligence and breach of duty, Plaintiff has suffered damages, including, but not limited to:  lost wages; emotional pain, suffering, mental anguish, loss of enjoyment of life, and dignitary injury.

WHEREFORE, Plaintiff prays this Honorable Court grant the following relief:  an order for compensatory damages for emotional pain, suffering, mental anguish, loss of enjoyment of life, dignitary injury, and other non-pecuniary losses; an order for lost wages, including interest on lost wages; and for such other legal and equitable relief as the nature of Plaintiff's cause may warrant.

## COUNT VI:  NEGLIGENT RETENTION

64.     Plaintiff hereby restates the allegations contained in paragraphs two through twelve, along with the allegations in paragraphs fifteen and sixteen, as though stated fully and completely herein.

65.     This claim for negligent retention is asserted against Defendant.

66.     Defendant had a duty to effectively and reasonably retain safe and competent employees so as, in part, to avoid and/or mitigate a threat and/or harm to others, including Plaintiff.  Further, Defendant had a duty to effectively and reasonably retain safe and competent employees so as, in part, to avoid and/or mitigate the potential of unlawful touching and harassment against others, including Plaintiff.

67.     In touching Plaintiff's buttocks, neck, shoulders, and back and pulling her hair, Guynes made harmful and/or offensive contact with Plaintiff's person against her will.

68.     Guynes intended to cause the harmful and/or offensive contact with Plaintiff's person in that Guynes' persistent sexual advances, verbal conduct of a sexual nature, and physical conduct of a sexual nature, including repeated touching of Plaintiff's body, shows that he intended to cause the contact and/or acted in reckless disregard for the consequences of his acts.

69.     Guynes' harmful and/or offensive touching was without the express or implied consent of Plaintiff.  In touching Plaintiff's buttocks, neck, shoulders, and back and pulling her hair, Guynes' actions were offensive in that such behavior would offend a reasonable person's sense of dignity.

70.     During Guynes' employment, Defendant became aware and/or should have become aware of problems with Guynes that indicated his unfitness as an employee of Defendant.  During Guynes' employment, Defendant also became aware and/or should have become aware of problems with Guynes that indicated that he was a threat and/or harm to others, including Plaintiff.  Defendant also knew and/or should have known that Plaintiff was within the zone of foreseeable risk created by the employment.

71.     During Guynes' employment, Defendant became aware and/or should have become aware of Guynes' unlawful touching and harassment in the workplace and Guynes' propensity to commit the same.  Defendant knew of the behavior because Plaintiff complained to management.  Defendant should have known of the behavior because Guynes' behavior was so pervasive as to provide Defendant with constructive knowledge. Further, Defendant knew and/or should have known that Plaintiff was within the zone of foreseeable risk created by the employment.

72.     Despite such actual and/or constructive knowledge, Defendant failed to take reasonable steps to safeguard Plaintiff and to prevent unlawful touching and harassment against

14

Plaintiff from occurring, including, but not limited to, negligently failing to take appropriate, timely, and effective corrective action, up to and including termination, against Guynes. As such, Defendant breached its duty of care owed to Plaintiff and thus exposed Plaintiff to the unlawful touching and harassment.

73.    Defendant's negligent retention of its employee Guynes directly and proximately resulted in the unlawful touching and harassment against Plaintiff while employed by Defendant.

74.    As a proximate result of Defendant's negligence and breach of duty, Plaintiff has suffered damages, including, but not limited to:  lost wages; emotional pain, suffering, mental anguish, loss of enjoyment of life, and dignitary injury.

WHEREFORE, Plaintiff prays this Honorable Court grant the following relief:  an order for compensatory damages for emotional pain, suffering, mental anguish, loss of enjoyment of life, dignitary injury, and other non-pecuniary losses; an order for lost wages, including interest on lost wages; and for such other legal and equitable relief as the nature of Plaintiff's cause may warrant.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands pursuant to FLA. R. CIV. P. 1.430 a trial by jury on all issues so triable.

Dated:  April 24, 2022                    Respectfully submitted,


                                          / s / James Tarquin
                                          James P. Tarquin
                                          Florida Bar No. 906190
                                          Mark Dillman
                                          Florida Bar No. 0276250
                                          JAMES P. TARQUIN, P.A.
                                          333 NW 3rd Avenue
                                          Ocala, Florida 34475
                                          Telephone: (352) 401-7671
                                          tarquinlawoffice@aol.com
                                          Attorneys for Plaintiff

UNOFFICIAL DOCUMENT



**EXHIBIT A**

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

Miami District Office
100 SE 2nd St ,Suite 1500
(305) 808-1740
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS

(This Notice replaces EEOC FORMS 161 & 161-A)

**To:** Ms. Ivy Fouts
5300 S. W. 44th Street Unit 107
Ocala, FL 34474

Re: Ms. Ivy Fouts v. ONE PLANT
EEOC Charge Number: 510-2021-02109

EEOC Representative and email:     Latasha Nelson
Investigator
latasha.nelson@eeoc.gov

---

## DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

## NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

Please retain this notice for your records.

On Behalf of the Commission:

Digitally Signed By:Paul Valenti
01/26/2022
Paul Valenti
District Director

CC:  Mark Dillman
     1111 N.E. 25 Ave, Suite 501
     Ocala, FL 34470

